IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LECROY CORPORATION,**

    **Plaintiff,**

vs.

                                       Civ. No. 05-0725 JP/LCS

**ANDREW KEYSER,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Plaintiff and Counterclaim Defendant LeCroy Corporation ("LeCroy") filed Counterclaim Defendant's Motion to Dismiss Counts I and II of the Counterclaim on July 27, 2005. (Doc. No. 5). LeCroy seeks to dismiss a portion of Defendant and Counterclaim Plaintiff Andrew Keyser's ("Keyser") complaint for failure to state a claim upon which relief can be granted, in accordance with FED. R. CIV. P. 12(b)(6). Having reviewed the pleadings, briefs, and relevant law, the Court concludes that LeCroy's motion to dismiss should be denied.

*I.     Standard of Review*

A motion to dismiss under FED. R. CIV. P. 12(b)(6) should not be granted unless it appears beyond a doubt that a claimant can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003). In evaluating a motion to dismiss, the Court must liberally construe the claim, accept all well-pleaded factual allegations

as true, and view the allegations in the light most favorable to the non-moving party. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). Moreover, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

## II. Factual Background

Accepting the factual allegations in the counterclaim as true, and viewing them in the light most favorable to Keyser, the Court finds the following factual background. Prior to July 18, 2004, Keyser interviewed with LeCroy for a position as an account manager. At this interview, LeCroy was informed that Keyser had been employed by another corporation, Keyser Technology, Inc., since 1986. LeCroy understood that Keyser would continue to work for Keyser Technology when it offered Keyser employment. Keyser accepted the position.

About nine months after Keyser began working with LeCroy, one of LeCroy's sales directors contacted Keyser. The sales director demanded that Keyser remove a client's name from the Keyser Technology website. After some discussion, Keyser agreed to remove the client's name.

A few days later, on May 2, 2005, Keyser discussed the website with his supervisor at LeCroy. During this discussion, the supervisor assured Keyser that LeCroy would continue to employ Keyser for at least fourteen months if Keyser would agree to further modifications to the Keyser Technology website. Keyser made the requested modifications.

On May 4, 2005, Keyser received an email from LeCroy demanding that Keyser have his name removed from a website maintained by Trek, Inc., yet another company with which Keyser had a business relationship.  Keyser called his supervisor and was again assured that LeCroy would continue his employment for at least fourteen months if Keyser would comply with LeCroy's demands.  Keyser agreed to remove his name from the Trek website.  He then went on scheduled vacation.

During Keyser's absence, LeCroy's sales director assigned certain tasks to Keyser.  The sales director knew that Keyser was on vacation in a remote area at the time, and that Keyser would not be able to respond to the assignment.  On May 18, 2005, LeCroy terminated Keyser's employment because he did not complete the assigned tasks.

### III.   Discussion

*a. Applicability of LeCroy's Motion to Dismiss to Keyser's Amended Counterclaim*

On July 12, 2005, Keyser filed an answer to LeCroy's June 30, 2005 complaint asserting a counterclaim for breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel. (Doc. No. 3).  LeCroy filed its motion to dismiss Counts I and II of Keyser's counterclaim on July 27, 2005, arguing that Keyser had failed to state a claim in his counterclaim upon which relief could be granted.  However, Keyser filed Defendant's Unopposed Motion for Leave to File Amended Counterclaim on September 5, 2005.  (Doc. No. 17).  The Court gave Keyser leave to amend his counterclaim on October 6, 2005. (Doc. No. 18).

Under FED. R. CIV. P. 15, an amended pleading supersedes the pleading it modifies. *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).  LeCroy's motion to

dismiss therefore challenges a counterclaim that has been superseded.  However, Counts I and II of Keyser's amended counterclaim are the same as Counts I and II of his original counterclaim. (Doc. Nos. 3 and 21).  The alleged defects existing in the original counterclaim remain unchanged in Keyser's amended counterclaim.  The Court will therefore consider LeCroy's motion as addressing Keyser's amended counterclaim, and will resolve the motion to dismiss on its merits. *See* WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1476 (1990).

### b. Count I - Breach of Contract and the Statute of Frauds

In Count I, Keyser alleges breach of contract.  Keyser states that LeCroy orally offered to continue his employment for at least fourteen months if he would agree to modify Keyser Technology's website.  Keyser claims that he complied with LeCroy's demands regarding the website, and suffered damages when LeCroy failed to employ Keyser for a period of at least fourteen months.

LeCroy argues that Keyser's counterclaim alleges breach of an oral contract which cannot be performed within one year, and thus the agreement is unenforceable under the statute of frauds.  The statute of frauds is accepted as part of the common law in New Mexico.  *Ades v. Supreme Lodge Order of Ahepa*, 51 N.M. 164, 181 P.2d 161 (1947).  Section four of the statute of frauds provides:

> No action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

*See Westerman v. City of Carlsbad*, 55 N.M. 550, 553, 237 P.2d 356, 357-58 (1951).  In his

counterclaim, Keyser alleges that LeCroy promised to continue his employment for a definite period of at least fourteen months.  The agreement therefore could not have been completed within one year and is subject to the memorandum requirements of the statute of frauds.  *See Skarda v. Skarda*, 87 N.M. 497, 501, 536 P.2d 257, 261 (1975).

Keyser counters that the statute of frauds does not bar recovery because he fully performed his duties under the oral agreement by complying with LeCroy's demand to alter the website.  The statute of frauds does not bar enforcement of an oral contract when one party has fully and completely performed its duties under an agreement.  *Boggs v. Anderson*, 72 N.M. 136 141, 381 P.2d 419 (1963).  Although LeCroy acknowledges that full performance removes an oral contract from the ambit of the statute of frauds, LeCroy insists that Keyser did not fully perform by modifying the website.  Rather, LeCroy contends that the alleged agreement also required Keyser to provide fourteen months of services as an employee to LeCroy, an obligation which Keyser did not satisfy.

Liberally construing the counterclaim, the Court finds that Keyser has fully performed his part of the oral agreement.  In Count I, Keyser has alleged the oral modification of an existing employment contract.  New Mexico generally follows the doctrine of at-will employment.  *Miller v. Automobile Club Of New Mexico, Inc.*, 420 F.3d 1098, 1128 (10th Cir. 2005);  *Melnick v. State Farm Mut. Auto. Ins. Co.*, 106 N.M. 726, 730, 749 P.2d 1105, 1109, *cert. denied*, 488 U.S. 822 (1988).  Under the at-will employment doctrine, "employment contracts supported by no consideration other than the performance of duties and payment of salary are employment agreements for an indefinite period and are terminable at will by either the employer or the employee, absent an express agreement specifying the terms of such employment."  *Lopez v.*

*Kline*, 124 N.M. 539, 541, 953 P.2d 304, 306 (Ct. App. 1997), *cert. denied*, 124 N.M. 418, 952 P.2d 19 (1998).  However, either the employer or the employee may modify their right to terminate the employment relationship through an express or implied contract.  *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 668, 857 P.3d 776, 779 (1993), *cert. denied*, 510 U.S. 1118 (1994); *Gormley v. Coca-Cola Enters.*, 135 N.M. 128, 134, 85 P.3d 252, 258 (Ct. App. 2003), *affirmed*, 109 P.3d 280 (N.M. 2005).  For example, an employer can agree to employ an individual for a specified length of time, or promise to terminate only for-cause.  *Lopez*, 124 N.M. at 542.

Keyser has alleged the creation of such an agreement, modifying his at-will status.  Ordinarily the modification of a contract requires an offer, acceptance, consideration, and mutual assent to be enforceable.  *Hartbarger*, 115 N.M. at 669; *DeArmond v. Halliburton Energy Servs.*, 134 N.M. 630, 634, 81 P.3d 573, 577 (Ct. App. 2003), *cert. denied* 84 P.3d 668 (N.M. 2003).  Keyser alleges that LeCroy offered to restrict its right to terminate the employment relationship for a period of at least fourteen months in return for Keyser's promise to modify the Keyser Technology website.  Keyser accepted this offer and provided consideration by altering the website.[1]  This oral agreement modified the existing employment relationship and contained a separate offer, acceptance, consideration, and mutual assent.  The parties' obligations under this

---

[1] If Keyser's performance under the oral contract was limited to making the requested website modification, then LeCroy questions the sufficiency of consideration in the alleged agreement. In particular, LeCroy states that Keyser would have a legal duty not to compete with his employer, citing *Gelfand v. Horizon Corp.,* 675 F.2d 1108, 110 (10th Cir. 1982).  LeCroy argues that this duty would require Keyser to make the requested modifications to the website, and Keyser would not have suffered any legal detriment.  However, the Court believes it is inappropriate to address the issue of sufficiency of consideration without an underlying factual record. This argument would be more appropriately raised in a FED. R. CIV. P. 56 motion for summary judgment, supported by admissible evidence.

new agreement were also distinct from their underlying employment obligations.

Keyser's only express promise under the agreement was to alter the website. As alleged, Keyser did not restrict his right to terminate the employment relationship, and he was not obligated to provide fourteen months of employment services to LeCroy. Keyser fulfilled his promise under the agreement when he altered the website. Thus, Keyser has fully performed his part of the agreement, and the statute of frauds does not bar enforcement.

The cases LeCroy cites do not establish that Keyser has only partially performed. For example, in *Westerman*, the New Mexico Supreme Court held that an oral contract for two years of employment was barred under the statute of frauds. *Westerman v. City of Carlsbad,* 55 N.M. 550, 237 P.2d 356 (1951). The employee in that case had worked for over one year before his employer terminated their employment relationship. *Id.* at 552. The *Westerman* court found that the employee had only partially performed the contract of employment. *Id.* at 552.

However, *Westerman* is distinguishable on its facts. In *Westerman*, the promise of two years employment was part of the original contract of employment, and the employee did not provide separate consideration for the assurance of employment. Here, Keyser has alleged that he and LeCroy modified their existing employment relationship by entering into a supplemental agreement. Unlike *Westerman*, Keyser provided separate consideration for the promise of continued employment.

Keyser therefore has stated a claim upon which relief can be granted in Count I of his counterclaim, and LeCroy's motion to dismiss will be denied.

    *c.*    *Count II - Breach of Implied Covenant of Good Faith and Fair Dealing*

In Count II, Keyser alleges breach of the implied covenant of good faith and fair dealing.

7

LeCroy's challenge to Count II is dependent on its challenge to Count I: LeCroy reasons that "because there was no breach of an enforceable contract, there simply can be no breach of a covenant implied in the contract." (Doc. No. 12, pg. 4).  However, as discussed above, the oral contract is not barred by the statute of frauds, and thus Keyser has alleged breach of an enforceable contract.

New Mexico recognizes a claim for breach of the implied covenant of good faith and fair dealing in an employment contract. *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 439, 872 P.2d 852, 857 (1994). But there is no implied covenant of good faith and fair dealing when an employment relationship is at-will. *Melnick v. State Farm Mutual Automobile Ins. Co.*, 106 N.M. 726, 731-32, 749 P.2d 1105, 1110-11 (1988), *cert. denied*, 488 U.S. 822 (1988). The implied covenant of good faith and fair dealing "requires that neither party do anything which will deprive the other of the benefits of the agreement . . . [d]enying a party its rights to those benefits will breach the duty of good faith implicit in the contract." *Bourgeous*, 117 N.M. at 439 (citations omitted).

In their agreement, LeCroy promised to limit its right to terminate Keyser for at least a fourteen month period. Keyser was therefore no longer an at-will employee. According to the allegations, LeCroy assigned tasks to Keyser while he was on scheduled vacation. LeCroy terminated Keyser's employment when he did not complete the assignments, even though LeCroy was aware that Keyser was on vacation and would not be able to respond to the assignment. Keyser has thus alleged that LeCroy denied Keyser the benefits of the agreement, namely, his continued employment with LeCroy for at least fourteen months. Keyser has thus stated a claim upon which relief could be granted under Count II for breach of the implied covenant of good

faith and fair dealing.

      IT IS THEREFORE ORDERED that Counterclaim Defendant's Motion to Dismiss Counts I and II of the Counterclaim is DENIED.

                                                                  _____
                                                                  SENIOR UNITED STATES DISTRICT JUDGE